UNITED STATES DISTRICT COURT
MIDDLE DISTRICT
TAMPA DIVISION

CHRISTOPHER ADCOCK,
DONALD ADCOCK, EVELYN
ADCOCK, and JASON
LEHMANN,

        Plaintiffs,

vs.                                               CASE NO.: 8.04CV328-T30 MSS

PAUL BACA, and LAWRENCE
CROW, as Sheriff of Polk County,

        Defendant(s)./

## COMPLAINT

**COMES NOW**, the Plaintiffs, DONALD ADCOCK, EVELYN ADCOCK, CHRISTOPHER ADCOCK, and JASON LEHMANN, by and through their undersigned attorney and sues the Defendant, PAUL BACA, (hereinafter referred to as "BACA"), and LAWRENCE CROW, as Sheriff of Polk County, (hereinafter referred to as "SHERIFF"), and says:

1. At all times pertinent hereto, the Plaintiffs were residents of Polk County, Florida.

2. At all times pertinent hereto, the Plaintiffs, DONALD ADCOCK, EVELYN ADCOCK, and CHRISTOPHER ADCOCK, resided at 2223 Sean Lane, Lakeland, Florida.

3. At all times pertinent hereto, the Defendant, BACA, resided directly across from, and was the neighbor of, the Plaintiffs, DONALD ADCOCK, EVELYN ADCOCK, and CHRISTOPHER ADCOCK.



4. At all times pertinent hereto, the Defendant, BACA, was a duly appointed and acting deputy sheriff of Polk County, acted in the course and scope of his agency and/or employment with the Defendant, SHERIFF.

5. Florida law makes the Sheriff the alter ego of his deputies, and liable for all of their actions.

6. The Sheriff is an independent agency, subject to suit under §1983.

## JURISDICTION

7. This court has jurisdiction of this cause, as a claim pursuant to Federal Law.

## FACTUAL BASIS

8. On March 18, 2000, in the early morning at approximately 2:35 a.m., the Defendant, BACA, off-duty in civilian dress, but wearing his gun and vest, entered the property of the Plaintiffs, DONALD ADCOCK, and EVELYN ADCOCK, at 2223 Sean Lane, Lakeland, Florida, and began beating on the front door of the house.

9. Another deputy sheriff of the Defendant, COUNTY, Deputy Bruce Nason, having been called to scene by the Defendant, BACA, waited outside his parked sheriff's vehicle with flashing lights in front of the property of the Plaintiffs, DONALD ADCOCK, and EVELYN ADCOCK, at 2223 Sean Lane, Lakeland, Florida.

10. There was no warrant to search the premises, nor any warrant for any of the persons therein, nor reasonably believed to have been therein, and there was no probable cause, or even reasonable suspicion that any of the persons on the

premises were committing, or had committed any offense.

11. The Plaintiff, JASON LEHMANN, then a guest in the house of the Adcocks, upon opening the door was roughly touched and grabbed by the Defendant, BACA, who intentionally placed his hands on the person of the said Plaintiff in a threatening manner and pulled him out of the house.

12. The Defendant, BACA, then used profanity, and ordered the Plaintiff, CHRISTOPHER ADCOCK, and Stephen T. Dunning, Jennifer Kelly and Holly Freeman out of the house, thus exercising his power of arrest.

13. All of these persons, excepting Plaintiffs ADCOCK, were guests in the home, having just returned from and continuing to celebrate the birthday of CHRISTOPHER ADCOCK.

14. Such celebration was not in any way in violation of the laws or ordinances, and the parties conducted themselves properly at all times.

15. The Defendant, BACA, continuing to use profanity, then ordered the Plaintiff, CHRISTOPHER ADCOCK, to reenter the house and awaken his parents, the Plaintiffs, DONALD ADCOCK, and EVELYN ADCOCK, who were then ordered by the said Defendant out of the house.

16. The Defendant, BACA, without any reasonable or probable cause, and still using profanity and acting in a physically threatening manner, then interrogated each of the Plaintiffs and improperly demanded personal information from the Plaintiffs, CHRISTOPHER ADCOCK, JASON LEHMANN, and Stephen T. Dunning.

17. The Defendant, BACA, further improperly threatened each of the Plaintiffs CHRISTOPHER ADCOCK, JASON LEHMANN, and Stephen T. Dunning with further arrest if they didn't provide the personal information demanded from each and stated "You can either give your information here or at the station, What do you choose?".

18. At no time did BACA, nor the other Deputy present, indicate to any of the Plaintiffs that they had the right to counsel, and the right to silence.

19. The Defendant, BACA, further improperly demanded that each of the Plaintiffs, CHRISTOPHER ADCOCK, JASON LEHMANN, and Stephen T. Dunning, take their shirts off and turn around, purportedly for the purpose of determining if any of the said Plaintiffs and Stephen T. Dunning possessed any tattoos.

20. The Defendant, BACA, confiscated each driver's license of the Plaintiffs CHRISTOPHER ADCOCK, JASON LEHMANN, and Stephen T. Dunning.

21. That such actions constituted a seizure or arrest of these persons and their property.

22. After the Defendant, BACA, concluded his interrogations of each of the Plaintiffs and Stephen T. Dunning he returned those driver's licenses to the Plaintiffs CHRISTOPHER ADCOCK, JASON LEHMANN, and Stephen T. Dunning and left.

23. On March 20, 2000, the Plaintiff, EVELYN ADCOCK, filed a citizen's complaint, CR#00-059, concerning the Defendant, BACA'S, actions with the

    Defendant, SHERIFF. A copy of said citizen complaint is annexed hereto, marked Exhibit "A".

24. On April 13, 2000, the Defendant, SHERIFF, gave the Defendant, BACA, a Letter of Counseling concerning his actions on March 18, 2000. Said Letter of Counseling held that the Defendant, BACA, *"violated General Order 26.1 (10 f.), (Neighborhood and/or Family Disputes), and General Order 26.1 (10 a.), (Courtesy)"*. A copy of said Letter of Counseling is annexed hereto, marked Exhibit "B".

25. On May 4, 2000, the Defendant, SHERIFF, determined the citizen's complaint, CR#00-059, filed by the Plaintiff, EVELYN ADCOCK, to be *"partially sustained"*. A copy of the letter of determination is annexed hereto, marked Exhibit "C".

26. The Plaintiffs have suffered damages including, mental anguish and loss of reputation as a result of the Defendants' action.

## COUNT I

The Plaintiffs, DONALD ADCOCK, EVELYN ADCOCK, CHRISTOPHER ADCOCK, and JASON LEHMANN, reallege and reaver each and every allegation contained in paragraphs 1 through 19 above as if fully set forth herein and would further allege:

27. This is an action pursuant to Title 48, U.S.C. §1983, for deprivation of the Plaintiffs' constitutional rights under the color of law.

28. The Plaintiffs were and are persons protected under the statute.

29. The Plaintiffs were subjected to and unlawful seizure and questioning in a

threatening manner by the Defendant, BACCA, as a duly appointed and acting deputy sheriff of Polk County, and acting in the course and scope of his agency and/or employment with the Defendant, SHERIFF, and under color of law.

30. The Plaintiffs' constitutional right against unreasonable and unwarranted search and seizure as detailed in Amendment 4 to the United States Constitution was deprived by the Defendants as well as their rights pursuant to Amendments 5, 6 and 14, as they were deprived of any consultation with counsel, to remain silent, and were restricted in their exercise of liberty..

31. The Plaintiffs have suffered damages both economic and non-economic as a result of the unlawful acts of the Defendants, including mental anguish, embarrassment and other intangible damages.

32. That all Plaintiffs have suffered damages as a result of the actions of BACA, including mental anguish and suffering.

33. The actions of Defendant BACA were done in gross disregard of the rights of Plaintiffs, and of the law.

34. All conditions precedent to the filing of this claim have been met.

**WHEREFORE**, the Plaintiffs demand damages of the Defendant(s), PAUL BACA, and SHERIFF LAWRENCE CROW, both economic and non-economic, and for full compensation, including mental anguish, loss of reputation and standing, reasonable attorney's fees as provided by law, costs of this action, and such other relief, both at law and in Equity, which is just under the circumstances.

## COUNT II

The Plaintiff, JASON LEHMANN, realleges and reavers each and every allegation contained in paragraphs 1 through 26 above as if fully set forth herein and would further allege:

35. This is an action for assault and battery.

36. This court has jurisdiction of this claim as a pendent action.

37. The Defendant, BACA, as a duly appointed and acting deputy sheriff of Polk County, and acting in the course and scope of his agency and/or employment with the Defendant, SHERIFF, roughly touched and grabbed the Plaintiff as he pulled him out of the Adcock's house, placing him in fear.

38. As a direct and proximate result of the wrongful acts of the Defendant the Plaintiff has suffered damages both economic and non-economic, including mental anguish, embarrassment and other intangible damages.

39. All conditions precedent to the filing of this claim have been met.

40. That Defendant Sheriff is liable for these acts as they were done in the course of BACA's employment.

41. That Plaintiff has suffered damages as a result of the actions of BACA.

**WHEREFORE**, the JASON LEHMAN demands damages of the Defendant(s), PAUL BACA, and SHERIFF LAWRENCE CROW, both economic and non-economic, and for full compensation, including mental anguish, loss of reputation and standing, reasonable attorney's fees as provided by law, costs of this action, and such other relief, both at law and in Equity, which is just under the circumstances.

### DEMAND FOR JURY

The Plaintiffs, DONALD ADCOCK, EVELYN ADCOCK, CHRISTOPHER

ADCOCK, and JASON LEHMANN, by and through their undersigned attorney, request a jury trial on all issues so triable.

ROBERT H. GRIZZARD, II, P.A.

By: _____
Robert H. Grizzard, II, Esquire
Florida Bar No.: 192466
Post Office Box 992
115 Trader's Alley
Lakeland, Florida 33802-0992
(863) 682-8181
Facsimile: (863) 683-1840
Attorney for Plaintiff

\\St2\legalst2\Clients 2003\M3038 Adcock complaint.wpd

POLK COUNTY SHERIFF'S OFFICE
CITIZEN COMPLAINT FORM
CR # 00-059

*JA Clark*
*10 days penalty*
*from May 21.00*

## COMPLAINANT NAME:

Last: **Adcock** First **Evelyn** MI ___
Address: **2223 Sean Lane, Lakeland, Fl.,**
Zip: **33813** Home Phone # **863-644-5336** Business Phone# **N/A**

## WITNESS NAME:

Name: (1) _____ First _____ MI ___
Address: _____
Name: (2) _____ Telephone # _____
Address: _____

## SUBJECT MEMBER(S):

Last: **Baca** First **Paul** MI ___
Member #: **4572** Rank: **D/S** Duty Location: **West Region/S.W. Dist**
Other Members Involved: (1) **D/S Bruce Nason**
(2) _____ (3) _____

## COMPLAINT INFORMATION:

Complaint: **Violation of their civil rights/Rudeness**  0220 Hrs.
Where Occurred: **2223 Sean Ln, Lkld, Fl.** Time/Date Occurred: **03-18-00**
Time/Date Reported: **03-20-00** Received by: **Sgt. Reckart** How: **Telephone**
1930 Hrs.

### SYNOPSIS OF COMPLAINT: (or attach PCSO Form 184)

The complainant states that her neighbor, D/S Paul Baca, came over to her house wearing his gun and vest and accused her son and two of his friends with trespassing on his property and making loud noises. She claims that he used foul language and caused them to fear that they would be arrested. She said that he tried to provoke them into giving him a chance to arrest them. He demanded personal information from her son and his friends, who are all adults over age 21, and displayed rude behavior to she and her husband which Baca demanded be awakened from sleep to come outside to speak with him.

## DISPOSITION

( )Sustained  ( )Not Sustained  (X)Partially Sustained  ( )Exonerated
( )Unfounded  ( )Violation not based on original complaint
( )Policy Failure  ( )Request Internal Affairs Investigation
( )Other **with explanation**

Member _[signature]_ Mem # **4572** Date **04-21-00**
Supervisor _Sgt. A.J. Ruby_ Mem # **675** Date **04-21-0000**

AUTHORIZATION FOR INTERNAL AFFAIRS INVESTIGATION

Sheriff/Undersheriff _____ Date _____

*RECEIVED MAY 17 2000 ADMINISTRATIVE INVESTIGATIONS*

PCSO FORM 183 (REV 01/00)

EXHIBIT "A"

Department of Law Enforcement
West Division

---

April 13, 2000                                                Southwest District


TO:         Deputy Sheriff Paul Baga, Member #4572

FROM:       Sergeant M. L. Reckart

SUBJECT:    Letter of Counseling

COPY

On March 18, 2000 at approximately 0220 hrs, you purposely involved yourself in a disturbance with your neighbors in an off-duty capacity. You went to their home, identified yourself as a Polk County Deputy and then interrogated the persons within.

Even though you contacted the Polk County Sheriff's Office and requested an on-duty deputy to meet with you about your complaint, you failed to allow him to handle same. While conducting your investigation it became clear to your neighbors and to the deputy at the scene that your tone of voice, attitude and actions reflected an angry, hostile demeanor.

This activity will not be condoned nor tolerated, therefore, I find that you are in violation of the following;

1. General Order 26.1 (10 f.)  Neighborhood and/or Family Disputes:

Agency members shall avoid personal involvement in neighborhood controversies or family disputes. Such disputes shall be processed by impartial on-duty deputy sheriffs. Deputies shall not attempt to exercise authority or to make arrests in their own quarrels, but shall contact a superior officer who shall cause the matter to be investigated and action taken by impartial members having no personal interest in the dispute.

2. General Order 26.1 (10 a.)  Courtesy:

Agency members shall be polite and courteous in contacts with the public and with other agency members.

Based on your actions you are being counseled regarding this matter in which you were involved pursuant to G.O. 26.1.

As a deputy sheriff of Polk County you are held to a higher standard of professional conduct in accordance with the agency's Mission Statement.

EXHIBIT "B"

You are reminded of the importance of maintaining complete and thorough knowledge of the rules of conduct described in the General Orders of the Polk County Sheriff's Office. These rules were specifically designed to protect not only you, your reputation and integrity but also that of the Sheriff of Polk County and his Office. I strongly suggest that in the future you remain cognizant of your actions and avoid matters such as this so that no embarrassment is caused.

In reviewing your file I find that this is the first violation of this kind that you have been involved in. This Letter of Counseling is not punitive in nature, let it serve as a valuable learning tool. I am confident that in the future you will be mindful of your actions and continue the fine work you are capable of producing.

Issued by: _____  Date: 04-13-2000

Received by: _____  Date: 04-21-00

COPY

# DEPARTMENT OF LAW ENFORCEMENT

## WEST DIVISION

May 4, 2000                                                                                   Southwest District

**TO:**       Major Richard H. Sloan

**FROM:**     Captain Dennis N. Russell

**SUBJECT:**  Citizen Complaint (Adcock)

Attached are documents relative to the aforementioned complaint, which I have reviewed. The disposition according to General Order 52.1 is "Partially Sustained."

Additionally, I have spoken with the Complainant and conveyed the aforementioned information to them.

:dr

COPY

c:    Administrative Investigations
      Lieutenant Clark
      Deputy Baca
      file/CitizenComplaint.wpd

C:\MyFiles\CitizenComplaint.wpd

EXHIBIT "C"

# POLK COUNTY SHERIFF'S OFFICE
## *CITIZEN COMPLAINT REFERRALS*
## SUPERVISOR RECOMMENDATION FORM

MAY - 9 2000

**MEMBER:** D/S Paul Baca  AIS#: 00-059

**DIRECTED TO:** Captain Dennis Russell  DATE: 04-21-00

**REVIEWED BY:** Captain Dennis Russell  DATE May 4, 00

_____  DATE: May 4, 00
District Commander

**FINDINGS:** (Must be accompanied by a memo outlining each allegation, recommended disciplinary action and General Orders violation, if applicable).

```
_____ Sustained
____X_____ Partially Sustained
_____ Not Sustained
_____ Unfounded
_____ Exonerated
_____ Violation Not Based on Original Complaint
_____ Policy Failure
_____ Other
```

COPY

_____  DATE: 5-5-00
Division Commander

{✓} APPROVED     { } DISAPPROVED

Comments: _____

_____  DATE: 5/15/00
Department Commander

{✓} APPROVED     { } DISAPPROVED

Comments: _____

RECEIVED
MAY 17 2000
ADMINISTRATIVE INVESTIGATIONS

EXHIBIT "C"